*149]　　　　　　*DECEMBER TERM, 1795.

---

GRAHAM *v.* BICKHAM.[1]

*Damages.*

Unless the penalty for breach of a contract, is a sum, agreed to be paid and received, absolutely, in lieu of performance, damages may be recovered commensurate with the injury suffered by a non-performance.

THIS was an action on the case for damages, which were laid at 10,000*l.* in the declaration, founded upon the following agreement, signed by the defendant :

" I do certify, that I have bought of William Graham 17,344 $\frac{76}{100}$ dollars, six per cents of the United States, to be delivered to me, on the 1st of July next, on my paying to him, on or before transferring the same, the sum of 22,318 $\frac{49}{100}$ dollars in specie. And for the faithful performance of the above agreement, I bind myself, my heirs and executors, in the sum of 1000*l.*, lawful money of Pennsylvania, to be paid to said Graham, or his order, in case the same is not fully complied with by me. Philadelphia, 17th January 1792."

On the trial of the cause, a verdict was given in favor of the plaintiff, for 1798*l.* 17*s.* 7*d.*, subject to the opinion of the court, on the question, whether the plaintiff could recover more than 1000*l.* in an action upon this agreement ?

The case was argued by *E. Tilghman* and *Ingersoll*, for the plaintiff, on the position, that unless a certain sum is agreed by the parties to be paid

---

(b) Decided before YEATES and SMITH, Justices, at Northampton *nisi prius*, in October 1795. In delivering the charge to the jury, Mr. Justice YEATES referred to a similar case, before the Chief Justice and himself, in which the court had given, and the jury had adopted, the same advice.

[1] s. c. 2 Yeates 62.　　　　[2] And see 1 Tr. & H. Pr. § 53, and notes.

Febeiger v. Craighead.

and received, at all events, as the measure of damages, the plaintiff may waive the penalty of the agreement, and proceed for damages according to the actual injury. (4 Burr. 2228; 2 Atk. 371; 1 H. Black. 232; 1 W Black. 395, 373; 2 Atk. 190.)

*Lewis* and *Rawle*, for the defendant, insisted, that the contract ought not to be enforced, beyond the meaning and understanding of the parties; which was obviously to fix a sum, as the extent of the defendant's respon- sibility, in case of a non-compliance *with his engagement. (16 Vin. Abr. 301, " Penalty," pl. 3, 5, 10.)                              [*150

BY THE COURT.—The substance of the agreement between the parties was, to buy and sell stock. The penalty was merely superadded as a secur- ity for performance ; and not as a sum to be paid and received absolutely, in lieu of performance. The plaintiff is entitled (notwithstanding the pen- alty) to recover damages, commensurate with the injury suffered by a non- performance. The judgment must, therefore, be rendered in his favor, for the full amount of the verdict.